[No. 8680–8–II.   Division Two.   May 21, 1987.]

BETTY BROOKSHIRE MERCER, *Appellant,* v. THE STATE OF WASHINGTON, *Respondent.*

*Phelps R. Gose* and *Gose & Clement, P.S.,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Don G. Daniel, Assistant,* for respondent.

HOWARD, J.*—Betty Brookshire Mercer appeals from a dismissal of a wrongful death action for failure to comply with the nonclaim statute, former RCW 4.92.110. We affirm.

## FACTS

The facts of this case are undisputed. Michael Brookshire, an inmate at Walla Walla State Penitentiary, was strangled by another inmate and died on September 9, 1975. On March 26, 1976, the personal representative and mother of the decedent, Betty Brookshire Mercer, filed a wrongful death complaint in Walla Walla County. On December 7, 1976, Mercer requested and received a voluntary dismissal.

Mercer refiled her complaint on May 15, 1978. On June 28, 1978, the State notified Mercer in its answer that she was not in compliance with former RCW 4.92.110, which required a plaintiff to file a tort claim with the Director of Financial Management as a condition precedent to initiating a lawsuit against the State. Nonetheless, Mercer failed to comply with former RCW 4.92.110 by September 9, 1978, the expiration date for the 3-year statute of limitations. On March 7, 1983, Judge Gerry Alexander granted Mercer's motion to strike the State's affirmative defense of failure to comply with former RCW 4.92.110. Upon the State's motion for reconsideration, Judge Alexander reinstated the State's affirmative defense. On March 18, 1985, Judge Berschauer dismissed Mercer's claim with prejudice. Mercer now appeals.

## ANALYSIS

## I

Initially, Mercer argues that the dismissal of her wrongful death action was improper because no claim needed to

---

*This appeal was heard by a Supreme Court Justice and two Superior Court Judges sitting as Court of Appeals Judges Pro Tempore in Division Two.

be filed pursuant to RCW 4.92.110. Mercer's argument is confusing at best, and fails to cite any authority to support her contention.

■ At the time Mercer refiled her complaint, former RCW 4.92.110 provided:

No action shall be commenced against the state for damages arising out of tortious conduct until a claim has first been presented to and filed with the chief fiscal officer of the executive branch. The requirements of this section shall not affect the applicable period of limitations within which an action must be commenced, but such period shall begin and shall continue to run as if no claim were required.

The procedures of this statute are mandatory, and compliance is a condition precedent to recovery. *O'Donoghue v. State,* 66 Wn.2d 787, 405 P.2d 258 (1965). The failure to comply with this statute before the expiration of the applicable statute of limitations results in a dismissal of the case. *Peterick v. State,* 22 Wn. App. 163, 589 P.2d 250 (1977), *review denied,* 90 Wn.2d 1024 (1978), *overruled on other grounds in Stenberg v. Pacific Power & Light Co.,* 104 Wn.2d 710, 709 P.2d 793 (1985); *Coulter v. State,* 93 Wn.2d 205, 608 P.2d 261 (1980). Former RCW 4.92.110 was enacted in 1963 and its validity has been consistently upheld. *Hall v. Niemer,* 97 Wn.2d 574, 649 P.2d 98 (1982); *Coulter v. State, supra; Cook v. State,* 83 Wn.2d 599, 521 P.2d 725 (1974); *O'Donoghue v. State, supra; Peterick v. State, supra.* The statute has remained virtually unaltered since its enactment in 1963, with the exception of various amendments altering the location of filing.[1] Accordingly, Mercer's argument that no claim needed to be filed pursuant to RCW 4.92.110 is without merit.

## II

Mercer next argues that RCW 4.92.110 is unconstitutional as applied because it reduced the period of time in

---

[1]RCW 4.92.110 was amended in 1977 to require filing with the chief fiscal officer, amended in 1979 to require filing with the Director of Financial Management, and amended in 1986 to require filing with the risk management office.

which to file her claim and thus violated the equal protection clause. As authority for this proposition, she relies on *Hunter v. North Mason High Sch. & Sch. Dist. 403,* 85 Wn.2d 810, 539 P.2d 854 (1975). However, the same argument was rejected in *Coulter v. State, supra.* In *Coulter,* an injured worker brought an action against the State as a third party under the provisions of former RCW 51.24.010, alleging negligence by a safety inspector with regard to a slicing machine which caused her injury. The action was dismissed for failure to comply with the filing requirements of former RCW 4.92.110. The Supreme Court held that the failure to comply with former RCW 4.92.110 precluded initiation of a suit against the State. In rejecting the plaintiff's argument, the court stated:

> Plaintiff's position for nonfiling is very plain and in error. She argues that *Hunter v. North Mason High School & School Dist. 403,* 85 Wn.2d 810, 539 P.2d 845 (1975) struck down all claim filing requirements. There we were concerned with a different statute, RCW 4.96.020, which required filing of a claim within 120 days from the date that the claim arose.
>
> We start with the proposition that the abolition of sovereign immunity is a matter within the legislature's determination. *Haddenham v. State,* 87 Wn.2d 145, 149, 550 P.2d 9 (1976). This is not because the court says so, but because the constitution so states. Article 2, section 26, of our constitution provides: "The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state." This court must follow that mandate and uphold the filing requirement of this particular statute. *Hunter v. North Mason High School & School Dist. 403, supra,* does not violate that principle since there we found that the 120–day filing requirement violated the constitutional provision of equal protection. No such issue is present here. The plaintiff has a filing time requirement equal to the statutory limitations for bringing an action. That does not involve nor deny equal protection.
>
> The enactment of RCW 4.92.110 is clear that it is providing "in what manner" suit shall be brought against the State. That is within the command and authority of article 2, section 26.

*Coulter*, at 207. *Accord, Peterick v. State, supra; Hall v. Niemer, supra*. Because Mercer's arguments have been expressly rejected by the Supreme Court, they merit no further consideration. Accordingly, former RCW 4.92.110 does not deny Mercer equal protection.

### III

Mercer further argues that the State is equitably estopped from raising RCW 4.92.110 as an affirmative defense because the State did not timely assert the statute at the initial stages of litigation. This argument is without merit.

In order to establish equitable estoppel, a party must show: (1) an admission, statement, or act, inconsistent with the claim afterward asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party arising from permitting the first party to contradict or repudiate such admission, statement, or act. *Shafer v. State*, 83 Wn.2d 618, 623, 521 P.2d 736 (1974). The doctrine is applicable against a state acting in its governmental, as well as proprietary, capacity when necessary to prevent a manifest injustice, and the exercise of governmental powers will not thereby be impaired. *Shafer*, at 622; *see also Pioneer Nat'l Title Ins. Co. v. State*, 39 Wn. App. 758, 695 P.2d 996 (1985). Equitable estoppel, however, is not favored and requires every element be proved with clear, cogent and convincing evidence. *Pioneer*, at 760–61.

Here, there was no State advice or communication on which Mercer relied in failing to timely file her claim under former RCW 4.92.110. The State took no affirmative action which led Mercer to believe that she did not need to comply with former RCW 4.92.110. On the contrary, the State, in its answer to Mercer's complaint, notified Mercer 2½ months prior to expiration of the statute of limitations that she was not in compliance with the requirements of RCW 4.92.110. Mercer ignored the State's warning, and the statute of limitations expired.

██ Mercer relies exclusively on the State's inaction to support her estoppel argument. In *Pioneer Nat'l Title Ins. Co. v. State, supra,* however, the court held that where "no State advice or communication . . . is alleged . . . State inaction alone, even if a breach of duty, does not constitute an inconsistent admission, statement or act." *Pioneer,* at 761. Accordingly, because Mercer has failed to present any evidence establishing an admission, statement or act inconsistent with the claim, she has failed to satisfy the requirements of equitable estoppel.

## IV

Mercer next argues that the State waived its right to object to her failure to file a claim under RCW 4.92.110. As authority for this contention, Mercer relies on *Miotke v. Spokane,* 101 Wn.2d 307, 678 P.2d 803 (1984). Her reliance is misplaced.

In *Miotke,* the owners of waterfront property along the Spokane River sought injunctive relief and damages resulting from the City of Spokane's discharge of raw sewage into the river in conjunction with construction of a new sewage treatment plant. One of the issues on appeal was whether the State had waived its rights to object to the owner's failure to file a claim pursuant to RCW 4.92.110. The Supreme Court held that the State had waived any objections to the owner's failure to file under RCW 4.92.110 because of the substantial litigation which had occurred before the defense was raised. *Miotke,* at 337. Apparently, RCW 4.92.110 was not raised until 3 years after litigation began. At that time, the first phase of litigation had been completed. Several days of hearings had been conducted, and the trial court had entered its first set of findings and conclusions. *Miotke,* at 337.

The unique facts establishing a waiver in *Miotke* are not present here. The cause of action arose September 9, 1975. Plaintiff filed her action and then requested and obtained a voluntary dismissal. Plaintiff refiled her action on May 15, 1978, 2 years 8 months after the cause of action arose. The

State filed its answer to Mercer's complaint on June 27, 1978. In its answer, the State asserted that she had not complied with RCW 4.92.110. Accordingly, the State's action does not constitute a waiver of its right to assert the defense of failure to file a claim under RCW 4.92.110.

V

Finally, Mercer argues that the service of the two complaints on the Attorney General, followed by immediate participation by its representatives in the litigation, constituted substantial compliance with the requirements of RCW 4.92.110. As stated earlier, the procedures of RCW 4.92.110 are *mandatory* and compliance with them is a condition precedent to recovery. *O'Donoghue v. State, supra.* Here, Mercer filed copies of the complaints with the Attorney General's office. No claim was ever filed with either the state auditor or the chief fiscal officer. The record indicates that Mercer did not attempt to comply with RCW 4.92.110. Therefore, Mercer's claim of substantial compliance is without merit.

We affirm.

DOLLIVER and STEINER, JJ. Pro Tem., concur.

Review denied by Supreme Court September 1, 1987.