[No. 13902-2-II.   Division Two.   May 19, 1992.]

RHONDA M. ANDREWS, *Respondent*, v. THE STATE OF WASHINGTON, *Petitioner.*

*Kenneth O. Eikenberry, Attorney General,* and *Jon P. Ferguson, Assistant,* for petitioner.

*Frederick G. Enslow* and *F.G. Enslow & Associates,* for respondent.

CALLOW, J.[*] — The State of Washington sought discretionary review of an order denying its summary judgment motion that requested dismissal of the personal injury action commenced by Rhonda Andrews. It argued that the court erred in refusing to dismiss the action for Andrews's noncompliance with RCW 4.92.110. A commissioner of this court granted discretionary review. We reverse the decision denying the State's motion for summary judgment.

The facts are undisputed. Andrews alleges that she was abducted and assaulted on June 28, 1984, and did not know the identity of her assailant until July 24, 1986, when she learned that he had been released from Western State Hospital and had been supervised by the Department of Corrections.

On June 17, 1987, Andrews filed a summons and complaint naming the State of Washington as a defendant, alleging that the State was negligent in releasing Brown from Western State Hospital and in supervising him through the

---

[*]The Honorable Keith M. Callow is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

Department of Corrections. Her summons and complaint was served on the State on June 19. In its answer, the State alleged that Andrews had not complied with RCW 4.92.110, which requires the filing of a claim with the state risk management office. In September 1987,[1] after the filing and service of her complaint, Andrews filed a claim with the risk management office.

In 1990, the State moved for summary judgment, seeking to dismiss Andrews's complaint on the grounds that she did not comply with former RCW 4.92.110,[2] which provided:

> No action shall be commenced against the state for damages arising out of tortious conduct until a claim has first been presented to and filed with the risk management office. The requirements of this section shall not affect the applicable period of limitations within which an action must be commenced, but such period shall begin and shall continue to run as if no claim were required.

The court denied the State's motion, ruling that so long as the action was commenced and the claim was filed within the statute of limitations period, dismissal was not warranted. It rejected the State's argument that the filing of the claim was a condition precedent to commencement of the action.

The State contends the plain language of former RCW 4.92.110, that "[n]o action shall be commenced against the state . . . until a claim has first been presented to and filed with the risk management office", makes the filing of a claim a mandatory condition precedent to commencing an action against the State. *Blair v. WSU*, 108 Wn.2d 558, 577, 740 P.2d 1379 (1987); *Hall v. Niemer*, 97 Wn.2d 574, 649 P.2d 98 (1982); *Coulter v. State*, 93 Wn.2d 205, 207, 608 P.2d 261 (1980); *O'Donoghue v. State*, 66 Wn.2d 787, 789-91, 405 P.2d 258 (1965); *Mercer v. State*, 48 Wn. App. 496, 498, 739

---

[1]There is some confusion as to whether the claim was filed on September 4 or September 25. The difference in the dates is immaterial.

[2]RCW 4.92.110 was amended in 1989 to provide that no action could be commenced until 60 days after the filing of the claim with the risk management office, and to provide that the statute of limitations would be tolled during this 60-day period.

P.2d 703, *review denied*, 108 Wn.2d 1037 (1987); *Peterick v. State*, 22 Wn. App. 163, 177-78, 589 P.2d 250 (1977), *review denied*, 90 Wn.2d 1024 (1978), *overruled on other grounds in Stenberg v. Pacific Power & Light Co.*, 104 Wn.2d 710, 709 P.2d 793 (1985).

Andrews responds that she substantially complied with RCW 4.92.110 because she both commenced her action and filed her claim with the risk management office within the statute of limitations. She contends that in the cases cited by the State, dismissal of the complaint was appropriate because the plaintiffs never filed a claim before the statute of limitations expired. She asserts that *Blair v. WSU, supra*, held that an action may be maintained even if the claim is filed after the action is commenced. Finally, she asserts that the claim requirement is a condition precedent to recovery, not a condition precedent to commencing an action, and therefore she satisfied that condition by filing her claim before the statute of limitations expired.

▮ We find the rationale set forth in the recent decision in *Jones v. UW*, 62 Wn. App. 653, 660-62, 814 P.2d 1236 (1991) persuasive. Therein the court said:

> we hold that Jones failed to comply with former RCW 4.92.110 because he failed to file his claim with the office of risk management *before* filing his lawsuit. . . .
> The Washington Supreme Court's analysis in *Coulter* and a plain reading of the statute show that the claimant is required to file his or her claim with the office of risk management *before* filing a lawsuit. . . .
>
> . . . .
> Similarly, in *Hall v. Niemer, supra* at 581, the Washington State Supreme Court, in analyzing *Coulter v. State, supra*, stated:
> > The tort claimant need only file a claim prior to bringing suit within the time period of the relevant statute of limitations. *The claim filing condition precedent* serves the reasonable purpose of fostering negotiation and settlement without substantially burdening tort claimants.

We adopt and follow this reasoning.

Further, in *Mercer v. State, supra*, we find:

> We start with the proposition that the abolition of sovereign immunity is a matter within the legislature's determination. *Haddenham v. State*, 87 Wn.2d 145, 149, 550 P.2d 9

(1976). This is not because the court says so, but because the constitution so states. Article 2, section 26, of our constitution provides: "The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state." This court must follow that mandate and uphold the filing requirement of this particular statute. . . .

The enactment of RCW 4.92.110 is clear that it is providing "in what manner" suit shall be brought against the State. That is within the command and authority of article 2, section 26.

(Citation omitted.) *Mercer v. State*, 48 Wn. App. at 499 (quoting *Coulter v. State*, 93 Wn.2d at 207).

The filing of a claim with the risk management office was a mandatory condition precedent to commencing an action for damages against the State under former RCW 4.92.110. An action is deemed commenced when the complaint is filed and served. RCW 4.16.170. Andrews's action was commenced on June 19, 1987. Her claim had not "first been presented to and filed with the risk management office." She did not comply with the requirements of her statutorily created right to bring an action against the State. We are aware that this requirement seems harsh and technical but the statute and the long line of cases interpreting it require the result.

*Blair v. WSU*, 108 Wn.2d at 575-77, does not support Andrews's position. In that case, the plaintiffs disputed whether RCW 4.92.110 applied to actions brought under the Law Against Discrimination, RCW 49.60. The plaintiffs filed a claim 11 months after commencing their action. The parties then stipulated that if RCW 4.92.110 applied, the action would be deemed to have commenced 1 day after the claim was filed. The court held that RCW 4.92.110 does apply to discrimination actions, and invoked the parties' stipulation that the date the action was commenced, for purposes of calculating the plaintiffs' damages, was the day following the filing of the claim under RCW 4.92.110. Andrews entered into no such stipulation with the State. *Blair* is consistent with *Hall*, *Coulter*, and *O'Donoghue*.

The trial court erred in refusing to dismiss Andrews's complaint because she did not first file a claim with the risk

management office before commencing her action against the State, as required by RCW 4.92.110. We direct that summary judgment be granted to the State, and that Andrews's action be dismissed.

SEINFELD, J., and WORSWICK, J. Pro Tem., concur.