26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas William Sinclair RICHEY, Plaintiff-Appellant,
v.
Chase RIVELAND, et al., Defendants-Appellees.
 No. 93-35688.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Richey, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of the defendant prison officials in Richey's 42 U.S.C. Sec. 1983 civil rights action. Richey claims that the defendants violated his constitutional rights by denying his request to transfer to a prison in Scotland. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In 1987, Richey, a dual citizen of the United States and the United Kingdom, pleaded guilty in Washington state court to first degree murder and attempted murder and was sentenced to sixty-five years imprisonment, an "exceptional" sentence above the standard range. He requested transfer to Scotland on May 31, 1988. On June 5, 1989, defendant Vicki Roberts informed Richey that all necessary Washington State officials had approved his transfer application, and had forwarded it to the United States Department of Justice and to Scotland. The Scottish authorities approved Richey's transfer in December 1990 but did not agree to use Washington law in determining his release date. On November 4, 1991 Richey received notice that the Washington State authorities had denied his transfer "[b]ased on the exceptional term ordered by the sentencing judge in Mr. Richey's case and the fact that the state of Washington would lose jurisdiction in determining the actual length of term."
 
 
 4
 First, Richey contends that the district court erred by granting summary judgment on his due process claim. This contention lacks merit.
 
 
 5
 We review de novo the district court's grant of summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). "We must decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Id.
 
 
 6
 A prisoner does not have a constitutional right to a particular prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983). The state, however, may create a due process liberty or property interest "if it places substantive limitations on the exercise of official discretion." Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993) (citing Olim v. Wakinekona, 461 U.S. 238, 249 (1983)). "The limitations must contain mandatory language requiring specific, substantive predicates." Id.
 
 
 7
 Washington state law provides that "[a]n inmate committed to the Washington corrections system who is a citizen of a foreign country may make an application for a voluntary transfer to the inmate's country of origin or citizenship." Wash.Admin.Code Sec. 137-67-020. The secretary of the department of corrections makes "final department approval" of a transfer request, Wash.Admin.Code Sec. 137-67-030, and then the Washington State governor must decide whether to approve the request, Wash.Rev.Code Sec. 43.06.350; Wash.Admin.Code Sec. 137-67-035. The secretary then refers the request to the United States Department of Justice and the foreign country. Wash.Admin.Code Secs. 137-67-035, 137-67-040. Finally, a federal district court must review the transfer request. Wash.Admin.Code Sec. 137-67-040.
 
 
 8
 These laws do not limit the secretary's discretionary decision whether to approve a transfer request, and therefore do not create any due process rights. See Smith, 988 F.2d at 989. Richey contends that the defendants' initial approval of his transfer request created a due process property right, which the defendants later violated when they withdrew their approval. He argues that at the time of the initial approval, the defendants already knew how the Scottish authorities would treat his sentence if he were transferred. The Washington State regulations do not, however, provide that the "final department approval" is irrevocable or creates an entitlement. Richey may reasonably have assumed that the defendants' initial approval would not be revoked; nonetheless, his disappointment does not violate the Constitution. See id.
 
 
 9
 Second, Richey contends that the district court erred by granting summary judgment on his equal protection claim. He claims that the defendants treated him differently from David Bridon, a former Washington state prisoner who successfully transferred to a prison in England. Richey's contention lacks merit.
 
 
 10
 "[U]nless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." Nordlinger v. Hahn, 112 S.Ct. 2326, 2331-32 (1992). As Richey stated in district court, "Mr. Bridon was sentenced to serve twenty-six years and four months, with an earliest possible release date in the year 2004. [Richey] received a sentence of sixty-five years with an earliest release date in the year 2031." The denial of Richey's transfer request furthered the legitimate state interest in ensuring that he serve his full term, which was considerably longer than Bridon's term. Accordingly, the district court did not err by granting summary judgment on his equal protection claim. See id.
 
 
 11
 Third, Richey contends that the district court erred by granting summary judgment on his access to the courts claim. This contention lacks merit.
 
 
 12
 Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). "A right of access claim other than one alleging inadequate law libraries or alternative sources of legal knowledge must be based on an actual injury." Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991) (per curiam). To establish liability under 42 U.S.C. Sec. 1983, a plaintiff must establish that the defendants committed an act that deprived him of a constitutional right. Redman v. County of San Diego, 942 F.2d 1435, 1439 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 972 (1992).
 
 
 13
 Richey claims that the defendants interferred with his access to the courts by preventing him from filing a timely personal restraint petition challenging his sentence. Prison authorities will not process a transfer request if an appeal or collateral attack on a conviction is pending. Wash.Admin.Code Sec. 137-67-020(6). When Richey was convicted in 1987, there was no limit on the time for filing a personal restraint petition. Effective July 23, 1989, however, Washington law was amended to provide that a prisoner has one year from the date his conviction becomes final to file a personal restraint petition. Wash.Rev.Code Sec. 10.73.090. For an earlier-convicted prisoner, such as Richey, the one-year period began to run on July 23, 1989. Wash.Rev.Code Sec. 10.73.120.
 
 
 14
 Richey requested transfer to Scotland on May 31, 1988, and the defendants denied his request on November 4, 1991. The Washington Court of Appeals denied his personal restraint petition, filed on December 23, 1991, as untimely. As the district court stated, however, Richey could temporarily have withdrawn his transfer request in order to pursue a personal restraint petition, or he could have filed a petition prior to his transfer request. He has not shown that the defendants' actions, as opposed to his own actions, caused the untimely filing of his personal restraint petition. Accordingly, the district court did not err by granting summary judgment on Richey's access to the courts claim. See Redman, 942 F.2d at 1439.
 
 
 15
 Finally, Richey contends that the district court erred by granting summary judgment on his state law estoppel and breach of contract claims. He claims that he detrimentally relied on the defendants' misrepresentation that he would be permitted to transfer to Scotland by refraining from filing a personal restraint petition and by renouncing his United States citizenship. The district court did not err by granting summary judgment on these claims. See Suydam v. Reed Stenhouse of Washington, Inc., 820 F.2d 1506, 1508 (9th Cir.1987) (under Washington law, contract requires meeting of minds); Mercer v. State, 739 P.2d 703, 706 (Wash.App.1987) (elements of equitable estoppel).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3