21 P.3d 1151 (2001)
Ronald KING, a minor, By and Through his parents, Karen and Brian KING, also as Plaintiffs, Respondents,
v.
SNOHOMISH COUNTY, Appellant, and
Doe 1 through Doe 10, Defendants.
No. 45959-7-I.
Court of Appeals of Washington, Division 1.
March 19, 2001.
Publication Ordered April 25, 2001.
*1152 Joseph P. Wilson, Everett, and Harry R. Secoy, Lake Stevens, for Respondents.
Pamela Beth Loginsky, Olympia, Raymond J. Dearie, Everett, for Appellant.
APPELWICK, J.
The plaintiffs filed a civil suit against Snohomish County, but did not file a negligence claim with the clerk of council as required by Snohomish County Code section 2.90.050. The County timely pled the claim filing defense in its answer to the plaintiffs' complaint, and before the statute of limitations had run on the plaintiffs' negligence claim. Although both parties engaged in litigation for the next thirty-three months, the County was not equitably estopped from asserting its defense, nor did the County waive the defense. We reverse the trial court and vacate the jury verdict.

FACTS
On April 5, 1993, eleven-year-old Ronald King fell while playing tag with his brother on the playground in Lundeen Park. He lost his footing in the pea gravel and struck his knee upon the edge of the asphalt slab.
The playground, owned and maintained by Snohomish County, consists of a large circular *1153 area. Play equipment is located in the middle of the circle. Eight to twelve inches of pea gravel surrounds the equipment. The County had poured an asphalt slab to a level two inches below surface level so that a two-inch rubber pad could be laid on top of the asphalt. The County opened the park to the public even though the County had not installed the rubber pad. The County installed the pad three months after the accident.
Ronald's mother contacted the County Park Ranger, and reported the accident. The Park Ranger completed a Non-Employee Injury Report, and gave Mrs. King a telephone number to a County department. According to Mrs. King, the Park Ranger told her to call the number and make a claim for damages. Mrs. King contacted the number and was sent a "Claim for Damages" form. The form, addressed to the Risk Manager of Snohomish County, required the claimant to describe the facts giving rise to the injury, the injuries or damages, and an itemized list of all expenses and losses. Mrs. King completed the claim form and requested $6,200 in damages. She mailed the claim form to the Snohomish County Prosecuting Attorney's Office.
Arvid Nilssen, the claims adjuster working for the Prosecuting Attorney's Office, sent a letter with a claim number to Mrs. King on July 6, 1993. He wrote that he had received her claim. Nilssen informed Mrs. King that before he could move ahead with her claim, he would need documentation of the bills incurred. Mrs. King provided the information as requested.
On August 16, 1993, Nilssen wrote to Mrs. King, stating that he did not believe the County was liable for her son's injury because of immunity statutorily afforded the County.
Over two years later, on September 29, 1995, the Kings filed this civil action against Snohomish County. Ronald King, a minor, by and through his parents, sought damages for his permanent injuries. Ronald's parents, Karen and Brian King, also claimed that they were injured as a result of their son's injury, and sought damages for the destruction of the parent/child relationship. Snohomish County answered the Kings' complaint and raised numerous affirmative defenses, including the Kings' failure "to comply with the claim filing requirements of Snohomish County Code [section] 2.90.050."
During the next three years, the parties engaged in discovery and litigation over matters unrelated to the County's claim filing defense.[1] The matter was eventually set for trial on July 19, 1998. A day before trial, however, the County moved to dismiss the complaint based on the Kings' failure to comply with the statutory claim filing requirements. The trial court dismissed the County's motion, concluding that the County's litigation efforts over the past three years equitably estopped the County from asserting the defense.
The matter proceeded to trial, and the jury found for the Kings. The jury awarded $4,000 for economic damages to Karen King, on behalf of Ronald. As for non-economic damages, the jury awarded Ronald $65,000, and awarded Brian and Karen King $11,750, a total jury award of $80,750.

STANDARD OF REVIEW
Both parties agree that while the County brought its motion to dismiss under CR 12(b), this court should treat the motion as a motion for summary judgment under CR 56 because the trial court reviewed materials outside of the pleadings. See Schumacher Painting Co. v. First Union Mgmt., Inc., 69 Wash.App. 693, 698, 850 P.2d 1361 (1993). In reviewing a summary judgment motion, this court engages in the same inquiry as the trial court. Young v. Estate of Snell, 134 Wash.2d 267, 271, 948 P.2d 1291 (1997). Summary judgment is appropriate if, considering the evidence and reasonable inferences in the light most favorable to the Kings, there is no genuine issue of material fact and the County is entitled to judgment as a matter of law. See Young, 134 Wash.2d at 271, 948 P.2d 1291.

*1154 EQUITABLE ESTOPPEL
The claim filing statute provides that "All claims for damages against any such entity for damages shall be presented to and filed with the governing body thereof within the applicable period of limitations within which an action must be commenced." RCW 4.96.020(2). At the time of the Kings' filing of the complaint, Snohomish County Code section 2.90.050 provided that "[i]n accordance with RCW 4.96.020(2), claims against the county shall be filed with the clerk of the council...." Washington courts have repeatedly held that strict compliance is required with regard to the claim filing procedures. Levy v. State of Washington, 91 Wash.App. 934, 942, 957 P.2d 1272 (1998). The County argues that the trial court erroneously applied the equitable estoppel doctrine despite the clear statutory mandate that a plaintiff must file the claim with the clerk of the council before pursuing a civil action. We agree.
"Equitable estoppel is based on the notion that `a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon.'" Lybbert v. Grant County, 141 Wash.2d 29, 35, 1 P.3d 1124 (2000) (quoting Kramarevcky v. Department of Soc. & Health Servs., 122 Wash.2d 738, 743, 863 P.2d 535 (1993)). The party asserting the doctrine must establish by "clear, cogent, and convincing evidence" that there was (1) an admission, (2) action by another in reasonable reliance upon the admission, and (3) injury to the relying party. Lybbert, 141 Wash.2d at 35, 1 P.3d 1124 (quoting Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1, 124 Wash.2d 816, 831, 881 P.2d 986 (1994)). "Where both parties can determine the law and have knowledge of the underlying facts, estoppel cannot lie." Lybbert, 141 Wash.2d at 35, 1 P.3d 1124.
In Lybbert, the plaintiffs mistakenly served process on the administrative assistant to the County commissioner, rather than the County auditor as required by RCW 4.28.080(1). Despite the insufficiency of process, the County filed a notice of appearance, and for the next nine months, acted as if it were preparing to litigate the merits of the case. The County served the plaintiffs with interrogatories, filed a notice of associate counsel, and conversed with the plaintiffs about a possible mediation conference. During these conversations, the County did not make any mention of the sufficiency of service of process. After the applicable statute of limitations had run, the County requested that the case against it be dismissed for insufficiency of process. On review, our Supreme Court stated that it was satisfied that the plaintiffs had established two of the three equitable estoppel factors; that the County had made an admission that was inconsistent with its claim afterwards, and that the plaintiffs would be injured if there was no forum available to them. The Court held, however, that the plaintiffs could not establish the third factor requiring justifiable reliance. "Given the clear statutory mandate to serve the county auditor, it was not at all reasonable, much less justifiable, for the Lybberts to rely on the County's failure to expressly claim, prior to the expiration of the statute of limitations, that the service upon it was ineffective." Lybbert, 141 Wash.2d at 36, 1 P.3d 1124 (citing Overhulse Neighborhood Ass'n v. Thurston County, 94 Wash.App. 593, 972 P.2d 470 (1999)) (statutory service provisions made reliance unreasonable); Davidheiser v. Pierce County, 92 Wash.App. 146, 154, 960 P.2d 998 (1998) (rejecting equitable estoppel claim because clarity of statutory provision precluded any reasonable reliance), review denied, 137 Wash.2d 1016, 978 P.2d 1097 (1999).
The rule from Lybbert is clear. Equitable estoppel cannot lie where a statute clearly states the procedure for service of process. The same rule applies to a clear procedural filing requirement. Thus, even if the actions of Nilssen, or the Park Ranger, could have been construed by the Kings as a recommendation not to file a claim with the clerk of the council, the Lybbert reasoning makes clear that such reliance is unreasonable. Snohomish County Code is explicit that claims against the county "shall be filed with the clerk of the council...." SCC § 2.90.050. Because there is no basis to support the *1155 reliance factor of equitable estoppel, the trial court erred in denying the County's motion on the basis of equitable estoppel.

WAIVER
For the first time on appeal, the Kings assert that the County waived its claim filing defense. Generally, this court will not review issues raised for the first time on appeal. See Washburn v. Beatt Equipment Co., 120 Wash.2d 246, 290, 840 P.2d 860 (1992). However, a "party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently developed to fairly consider the ground." RAP 2.5(a). The record before us is sufficiently developed to consider the issue of waiver, and we exercise our discretion to review the issue.
Waiver can occur in two ways. "It can occur if the defendant's assertion of the defense is inconsistent with the defendant's previous behavior." Lybbert, 141 Wash.2d at 39, 1 P.3d 1124. "It can also occur if the defendant's counsel has been dilatory in asserting the defense." Lybbert, 141 Wash.2d at 39, 1 P.3d 1124. The doctrine "will serve to reduce the likelihood that the `trial by ambush' style of advocacy, which has little place in our present-day adversarial system, will be employed." Lybbert, 141 Wash.2d at 40, 1 P.3d 1124.
In Lybbert, the Court held that the County had waived its sufficiency of process defense because the County waited for the statute of limitations to run on the plaintiffs' case against the County, and then for the first time, raised the defense. The Court relied heavily on the fact that the County had not filed "the functional equivalent of an answer or other responsive pleading." Lybbert, 141 Wash.2d at 43, 1 P.3d 1124. "A defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect." Lybbert, 141 Wash.2d at 40, 1 P.3d 1124 (quoting Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1096 (2d Cir.1990)).
Unlike Lybbert, the County here preserved the claim filing defense by specifically pleading the defense in its answer before the statute of limitations had run on the Kings' negligence claim. The Kings acknowledge that Lybbert distinguishes between an affirmative defense that is pled in a timely manner and one that is not, with the latter being grounds for a waiver. Nevertheless, the Kings claim that waiver should apply here for three distinct reasons.
First, the Kings claim that the County waived its claim filing defense when the County failed to raise the defense together with its second motion for summary judgment. The Kings had objected to the County's motion, claiming that the County could not request a dismissal based on the Public Duty Doctrine because the County had failed to list the defense in the answer. In reply, the County asserted that it properly preserved its defense when it stated in the answer that the Kings had failed to state a claim upon which relief might be granted. Based on the County's reply to the Kings' objection, the Kings now argue that the County's summary judgment motion is equivalent to filing a CR 12(b) motion, and thus the claim filing defense should have been raised in the summary judgment motion. We are not persuaded that the County's summary judgment motion amounts to a CR 12(b) motion simply because the County used CR 12(b)(6) language in defending that it had preserved the Public Duty Doctrine defense. A defense under the Public Duty Doctrine can be properly raised in a summary judgment motion, and therefore, the County was not required to raise its claim filing defense together with that motion.
The Kings also claim that the County waived the claim filing defense when Nilssen denied their claim. They argue that Nilssen should have informed them that the statute required them to file their claim with the clerk of the council, and that filing a claim with the prosecutor's office did not satisfy the statutory filing requirements. In Kleyer v. Harborview Med. Ctr., 76 Wash. App. 542, 549 n. 6, 887 P.2d 468 (1995), this *1156 court said that "filing a claim [under RCW 4.92.110] with the office of risk management in Olympia is a prerequisite to the commencement of an action, not the initiation of settlement negotiations. Therefore, the University's attempt to settle Kleyer's claim had no impact on Kleyer's statutory obligation to file a claim with the office of risk management in Olympia before filing a suit against the University."
Kleyer is instructive. Nilssen's investigation of the claim and denial of it based on his determination that the County was immune from liability did not absolve the Kings from their statutory obligation to file a claim with the clerk of the council. Nothing in the Snohomish County Code prevented the prosecutor to act as he did. In fact, Snohomish County Code section 2.90.045(10) requires the prosecuting attorney to "[i]nvestigate, as the prosecutor deems appropriate, any incidents, or conditions prior to a claim being filed, for the purpose of possible litigation and/or preventing future incidents." (Emphasis added). Nilssen had no affirmative obligation to inform the Kings of the statutory prerequisite to the commencement of an action.
Finally, the Kings claim that waiver should be available to them because the parties engaged in years of litigation. But Washington case law does not support the proposition that, after unequivocally asserting a claim filing defense in a timely answer well before the statute of limitations has expired, a defendant waives this claim by participating in discovery and filing two unrelated motions for summary judgment. This is especially true when, as here, the Kings failed to file a motion to compel a more specific answer to the County's claim filing defense. In the absence of an order to answer, the County was under no duty to explicitly state that the Kings had failed to file a claim with the clerk of the council, a condition precedent to filing a civil action. The County did not waive its claim filing defense.[2]

SUBSTANTIAL COMPLIANCE
The Kings acknowledge that courts in this state have consistently held that failure to file notice of a claim with the proper office before initiating a civil action results in dismissal. See Kleyer v. Harborview Med. Ctr., 76 Wash.App. at 545-46, 887 P.2d 468 (filing of claim against State insufficient when filed with University rather than State Risk Management); Lewis v. City of Mercer Island, 63 Wash.App. 29, 817 P.2d 408, review denied, 117 Wash.2d 1024, 820 P.2d 510 (1991) (failure to file notice of claim before filing complaint leads to dismissal); and Andrews v. State, 65 Wash.App. 734, 829 P.2d 250 (1992) (failure to file with the State risk management office before commencing action results in dismissal). However, the Kings cite to Durham v. City of Spokane, 27 Wash. 615, 68 P. 383 (1902), and Davis v. City of Seattle, 37 Wash. 223, 79 P. 784 (1905), for the proposition that a plaintiff sufficiently complies with a claim filing statute as long as the plaintiff files the claim with the officer or agent who eventually reviews the claim. But Durham and Davis, cases decided in the early 1900s, have no validity in light of Lybbert and recent cases decided by our courts. Substantial compliance is available only for the content of the claim, and not for filing requirements such as verification of complaints, which require strict compliance:
"Courts have determined that, unlike the content of the filing, the requirement that a plaintiff file the claim under RCW 4.92.110 is strictly enforced. Failure to file a claim in proper fashion results in dismissal of the suit." Kleyer, 76 Wash.App. at 545-46, 887 P.2d 468. "The procedures of this statute are mandatory, and compliance is a condition precedent to recovery. The failure to comply with this statute before the expiration of the applicable statute of limitations results in a dismissal of the case." Mercer, 48 Wash.App. at 498, 739 P.2d 703 (citations omitted). A plaintiff must comply with the requirements of the statutorily created right to bring an action against the State, regardless that *1157 such requirements may seem harsh and technical. Andrews, 65 Wash.App. at 738, 829 P.2d 250. "Substantial compliance is authorized for the content, not for the filing. ..."
Levy, 91 Wash.App. 934, 942, 957 P.2d 1272 (1998). Likewise, we decline to apply the doctrine of substantial compliance to the statutory filing requirements here.
The Kings urge this court to limit the dismissal of the matter to the parents' case against the County, and not Ronald's case against the County. The Kings have not provided any argument or legal authority to support the ruling they seek. Therefore, we will not address it.
In summary, we conclude that the trial court erred in holding that the County is equitably estopped from asserting its claim filing defense. We also conclude that neither waiver nor substantial compliance is available to the Kings. Accordingly, we reverse the trial court and dismiss the complaint in its entirety.
BAKER and ELLINGTON, JJ., concur.
NOTES
[1] In King v. Snohomish County, No. 39785-1-I, 89 Wash.App. 1051, 1998 WL 100534, slip opinion at 4 (Wash.Ct.App. Mar.9, 1998), this court decided in an unpublished opinion that there was sufficient evidence of a known dangerous condition to defeat a summary judgment motion.
[2] The Kings ask for the opportunity to present additional evidence under RAP 9.11, contending that there "may" be additional facts to support their theory of estoppel and waiver. Commissioner William Ellis of this court previously denied the request, ruling that RAP 9.11 is strictly construed, and it does not appear that RAP 9.11(1), (2), (6), and perhaps (5), are satisfied. We agree, and similarly deny the Kings' request.