160 P.3d 648 (2007)
Randy BREVICK, a single man, Appellant,
v.
CITY OF SEATTLE, a city, Respondent.
No. 58249-6-I.
Court of Appeals of Washington, Division 1.
June 25, 2007.
*649 Charles Wiggins, Bainbriedge Island, WA, Michael Jacobs, Seattle, WA, for Appellant.
Thomas Carr, Barbara Frost, Seattle, WA, for Respondent.
COLEMAN, J.
¶ 1 Randy Brevick was injured in a car accident and presented a tort claim against the City of Seattle. He later filed a complaint against the City, and in the City's answer to that complaint, it admitted that Brevick complied with claim filing requirements under state and city law. After 18 months of litigation, Brevick obtained a voluntary dismissal, but later re-filed his complaint. In the City's answer to that complaintwhich was filed after the statute of limitations had run on Brevick's claimit asserted that Brevick had not complied with claim-filing requirements. The City moved for summary judgment on that ground, and Brevick's complaint was dismissed. We reverse summary judgment and remand for trial because under the doctrines of equitable estoppel and waiver, the City cannot raise the claim-filing defense for the first time at this point in the proceeding.

FACTS
¶ 2 Brevick was injured on October 26, 2002, while driving on a Seattle street. He was driving on a street with semi-circular islands (called "chicanes") intended to slow traffic, and the chicanes were marked with reflective signs instructing drivers to either steer left or right around the chicane. Brevick claims that one chicane was mismarked and instructed him to steer left when he should have steered right. He drove onto a parking strip, hit a telephone pole, and lost consciousness. Seattle Fire Department medics treated him at the scene, and Brevick was eventually taken to the emergency room. In the months following this incident, Brevick suffered from seizures.
¶ 3 In April 2003, Brevick's attorney prepared a claim form for damages resulting from this incident. The attorney signed the form under penalty of perjury and filed it with the City. More than 60 days later, Brevick filed a complaint, alleging, inter alia, that he complied with RCW 4.96.020 and Seattle Municipal Code (SMC) 5.24.005, which set out claim-filing requirements. These laws provide in relevant part:
All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. *650 If the claimant is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.

RCW 4.96.020(3) (emphasis added).
No action shall be commenced against the City in which monetary damages are being claimed until a written Clam for Damages has been presented to and filed with the City Clerk. Such a claim must name the claimant, include the claimant's address, specify the date and location of the claimed loss, describe any alleged act or omission on the part of the City and the basis upon which liability is being asserted against the City, identify any known witnesses, detail the nature and extent of the injury or damage sustained and state the amount being claimed. The claim form must be signed by the claimant or an authorized representative prior to its filing.

SMC 5.24.005(A) (emphasis added). The City's answer admitted that Brevick complied with the statute and ordinance.
¶ 4 For 18 months, the parties deposed witnesses, propounded interrogatories and requests for production, and conducted CR 35 examinations. Brevick voluntarily dismissed the case in February 2005, however, after the trial court denied his motion for a continuance.
¶ 5 Brevick filed a new complaint on October 3, 2005, and the statute of limitations on his claim expired on October 26, 2005. In its answer to this complaint, filed on November 18, 2005, the City denied that Brevick complied with the claim-filing requirements. The City alleged that Brevick failed to comply with RCW 4.96.020 because his attorney rather than Brevick himselfsigned the claim against the City, and it moved for summary judgment on that ground. In opposition to the summary judgment motion, Brevick filed a declaration stating that he did not personally sign the claim because he was incapacitated.
¶ 6 At the summary judgment hearing, the trial court sua sponte asked the parties whether Brevick's claim for damages lapsed when he voluntarily dismissed his first complaint. The trial court directed the parties to file supplemental briefing as to whether Brevick was required to re-present his claim for damages before filing his second complaint. Brevick contended in his supplemental brief that he was not required to re-present his claim, and the City reiterated its original argument that Brevick was required to personally sign his claim for damages (but did not address whether he was required to re-present the claim).
¶ 7 After considering the supplemental briefing, the trial court granted summary judgment, handwriting its rationale: "This Court rules that it is a jurisdictional requirement to file the claim under the statute even where, as here, the parties had been in litigation in an earlier case that was dismissed without prejudice by the plaintiff."
¶ 8 Brevick timely appealed the summary judgment order.

STANDARD OF REVIEW
¶ 9 A summary judgment order is reviewed de novo, and we perform the same inquiry as the trial court. Herron v. Tribune Publ'g Co., 108 Wash.2d 162, 169, 736 P.2d 249 (1987). Summary judgment is appropriate when, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Ellis v. City of Seattle, 142 Wash.2d 450, 458, 13 P.3d 1065 (2000).

ANALYSIS[1]
¶ 10 Brevick argues that the City is estopped from asserting his failure to comply *651 with the claim-filing statute as a defense because it admitted in its answer to his first complaint that he did comply with the statute. Brevick also argues that the City waived its right to raise the claim-filing defense because it engaged in 18 months of litigation before raising the defense. The City contends that neither estoppel nor waiver applies because its admission of compliance was in a former action, so it has no effect in the second lawsuit. We conclude that the doctrines of both equitable estoppel and waiver operate to prevent the City from raising the defense at this point in the litigation and, therefore, reverse the trial court's summary judgment order.
Equitable Estoppel
¶ 11 The doctrine of equitable estoppel prevents a party from making a later claim where (1) one party has made an admission, statement, or act inconsistent with the later claim; (2) another party reasonably relies on the admission, statement, or act; and (3) the relying party would be injured if the first party is allowed to contradict or repudiate the admission, statement, or act. Dep't of Ecology v. Theodoratus, 135 Wash.2d 582, 599, 957 P.2d 1241 (1998). "Equitable estoppel is based on the notion that `a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon.'" Lybbert v. Grant County, 141 Wash.2d 29, 35, 1 P.3d 1124 (2000) (quoting Kramarevcky v. Dep't of Soc. & Health Servs., 122 Wash.2d 738, 863 P.2d 535 (1993)).
¶ 12 In Dyson v. King County, 61 Wash. App. 243, 809 P.2d 769 (1991), this court concluded that inequitable consequences had occurred where the City failed to raise a claim-filing defense in its answer and proceeded to defend the case on the merits until the statute of limitations had run on the incident, and then moved to dismiss the plaintiff's complaint because he had not complied with the claim-filing ordinance. The court concluded that the City's actions were misleading, and the court applied equitable estoppel to prevent the City from raising the claim-filing defense for the first time at that point in the litigation. Dyson, 61 Wash.App. at 246, 809 P.2d 769.
¶ 13 The City attempts to distinguish Dyson on the ground that it involved a case where the plaintiff filed only one complaint. Because Brevick filed two complaints here, the City contends that it is not bound by the admission in its answer to his first complaint. But the City fails to explain why its admission in its first answer does not remain valid even in the second stage of litigation, particularly when it acknowledges that Brevick was not required to re-present his claim.[2] Brevick was required to present his claim only once and after the City admitted that he complied with claim-filing procedures, he had no reason to suspect that compliance was at issue. The rationale behind equitable estoppel does not require that inconsistent statements be made in the same lawsuit, and the City cites no authority limiting equitable estoppel only to situations of inconsistencies within the same lawsuit.[3] It was reasonable for Brevick to continue to rely on the City's admission that his claim complied with applicable law because he was required to present his claim only once. There would be no reason to expect the City's position on claim-filing *652 procedures to change over the course of time.
¶ 14 Because it was reasonable for Brevick to rely on the City's admission even in the second lawsuit, the City's action was more misleading than the defendant's action in Dyson. In that case, the governmental defendant only failed to assert the defense and continued litigating on the merits, and the court considered that to be affirmative action that misled the plaintiff. But here, the City's affirmative admission in its answer left no doubt about the City's position on Brevick's compliance, and Brevick reasonably relied on that admission to presume that compliance was not an issue. Only after the statute of limitations had run did the City deny compliance, leaving Brevick with no recourse for his claim if the City is permitted to raise a defense for the first time at that point in the litigation. All three elements of equitable estoppel have therefore been met: the City's positions on compliance are inconsistent, Brevick reasonably relied on the City's first answer, and Brevick is injured because he no longer has an avenue for relief. We therefore conclude that the City is estopped from raising the claim-filing defense at this point.
Waiver
¶ 15 Even if equitable estoppel did not lie here, we conclude that the City has waived its right to assert a claim-filing defense. The waiver doctrine "is designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage." King v. Snohomish County, 146 Wash.2d 420, 424, 47 P.3d 563 (2002). Courts have concluded that a defendant waives an affirmative defense if "(1) assertion of the defense is inconsistent with defendant's prior behavior or (2) the defendant has been dilatory in asserting the defense." King, 146 Wash.2d at 424, 47 P.3d 563. See also Lybbert, 141 Wash.2d at 29, 1 P.3d 1124.
¶ 16 The City contends that the first type of waiver does not apply here because admissions in a former action are not inconsistent with the denial of that admission in a later action, citing Mercer v. State, 48 Wash.App. 496, 739 P.2d 703 (1987). In that case, Mercer filed a complaint without first presenting a tort claim to the government defendant. Mercer obtained a voluntary dismissal later that year and re-filed her complaint more than a year later. In the State's answer to that second complaint, the State notified Mercer that she had not complied with the claim-filing statute. Mercer's complaint was dismissed with prejudice for failure to comply with the claim-filing statute. Mercer argued, inter alia, on appeal that the State had waived its opportunity to raise the claim-filing defense by not raising it earlier, relying on Miotke v. City of Spokane, 101 Wash.2d 307, 678 P.2d 803 (1984).
¶ 17 But in Miotke, the court held that the State had waived a claim-filing defense because of the substantial litigation that had occurred before the defense. In Mercer, the court stated that no substantial litigation had occurred, and thus, the State had not unfairly delayed raising the defense. Mercer does not stand for the proposition, as the City contends, that substantial litigation in a former case does not waive a defendant's right to assert a claim-filing defense in a later action because only inconsistencies within the same action are subject to waiver. The Mercer court was not addressing inconsistent behavior but only discussed the second type of waiverdilatory assertionand concluded that because substantial litigation had not taken place, the State had not waived the claim-filing defense. Mercer, therefore, does not support the City's position that an admission made in a former action need not be consistent with a defense asserted in a later action.
¶ 18 And, as in the equitable estoppel cases cited above, the City's behavior is more obviously inconsistent than the cases cited where waiver was found. In Lybbert and Miotke, the governmental defendant failed to raise a claim-filing defense until late in the litigation proceedings, and those courts concluded that by proceeding to litigate for a substantial period of time, the defendants waived claim-filing defenses. In King, the governmental defendant did raise a claim-filing defense in its answer, but then did not seek dismissal on that ground until nearly four years after the *653 complaint had been filed, and the court concluded that this behavior was inconsistent with asserting the defense.
¶ 19 In none of these cases, however, did the governmental defendant ever admit compliance and then later deny compliance, as the City did here. The City's argument that it was entitled to raise the defense in the second lawsuitbecause the earlier admission was in the first lawsuit that had been dismissedis illogical given that the City acknowledges that Brevick's claim against the City was still valid and did not need to be re-filed. Not only is the City's assertion of the defense obviously inconsistent with its prior behavior, but it was also unfairly dilatory because it engaged in 18 months of litigation on the merits and only after the statute of limitations had expired did the City assert the claim-filing defense for the first time. Therefore, under either type of waiver, the City has waived its right to assert a claim-filing defense at this point in Brevick's case.
¶ 20 Because both equitable estoppel and waiver operate to prevent the City from raising the claim-filing defense at this point, we reverse summary judgment and remand for trial.
WE CONCUR: APPELWICK, C.J., and COX, J.
NOTES
[1] Although summary judgment was apparently granted on the ground that Brevick was required to re-present his claim to the City before filing his second complaint, the City acknowledged at oral argument that Brevick was not required to re-present his claim. Therefore, we address the argument raised in the briefs, which is the ground on which the City moved for summary judgment: Brevick's failure to comply with claim-filing requirements.
[2] The City cites Smith v. Saulsberry, 157 Wash. 270, 276, 288 P. 927 (1930), for its point that "[s]tatements in a pleading in a former action which are merely assertions of a conclusion of law do not constitute an estoppel." But Smith was discussing judicial estoppel, not equitable estoppel and, thus, is not on point.
[3] In fact, 28 Am.Jur.2d, Estoppel & Waiver, section 73 (2000), explicitly states that equitable estoppel prevents inconsistent positions taken in separate proceedings with the same parties and issues, as is the case here: "While it is widely held that the rule (of equitable estoppel) that the taking of a position in one judicial proceeding precludes the taking of an inconsistent position in a subsequent one, this rule does not apply ordinarily to suits in which the issues and the parties are not the same." Thus, as this quote makes clear, the estoppel doctrine itself does not logically require that inconsistent positions be taken in the same proceeding.