[No. 33276-7-I.    Division One.    January 17, 1995.]

GERALD KLEYER, *Appellant*, v. HARBORVIEW MEDICAL
CENTER OF THE UNIVERSITY OF WASHINGTON,
*Respondent.*

■■■■■■■■

■■■■■■■■

*T. Reinhard G. Wolff,* for appellant.

*D.K. Yoshida, Mary H. Spillane,* and *Williams, Kastner & Gibbs,* for respondent.

KENNEDY, J. — Gerald Kleyer appeals an order of summary judgment dismissing his medical malpractice suit against Harborview Medical Center[1] for failure to file a claim with the office of risk management, Department of General Administration in Olympia. RCW 4.92.110 and .210(1) require individuals with tort claims against the State of Washington to file a claim with that office 60 days before commencing an action against the State. Kleyer argues that RCW 4.92.110 and .210(1) do not apply to his claim because RCW 28B.20 provides the exclusive method for bringing suit against the University of Washington.

We conclude that RCW 28B.20 does not alter the claim filing procedure of RCW 4.92 for suits against the University. Therefore, Kleyer was required to file a claim in Olympia before commencing his lawsuit. Accordingly, we affirm the trial court's summary dismissal of Kleyer's action and the denial of Kleyer's motion for reconsideration.

FACTS

On January 23, 1990, Kleyer underwent surgery at Harborview Medical Center after having been injured in an automobile accident. After the surgery, Kleyer discovered two burns on his right thigh which he believed did not result from the accident itself.

---

[1] Harborview Medical Center (Harborview) is owned by King County. The University of Washington (the University) operates and manages the hospital by virtue of a contract with King County. Employees of Harborview are state employees.

Through his attorney, Kleyer contacted John A. O'Hara III.[2] O'Hara reviewed the file and concluded that the burns resulted from negligence on the part of Harborview and its employees. After learning of O'Hara's conclusion, Kleyer's attorney requested that O'Hara place the University on notice of a claim on behalf of Kleyer. O'Hara contacted Kelly Williams, a claims manager in the office of risk management at the University. O'Hara subsequently wrote Williams a letter outlining Kleyer's evidence and requesting a settlement offer. On behalf of the University, Williams denied responsibility for one burn, and offered $8,000 in settlement for damages resulting from the other burn. Kleyer rejected this offer.

Kleyer filed suit against "Harborview Medical Center of the University of Washington, State of Washington". On September 15, 1992, the University answered Kleyer's complaint, stating as one of its affirmative defenses that Kleyer had failed to comply with RCW 4.92 in that he had not filed a claim with the office of risk management in Olympia. It is undisputed that Kleyer never filed his claim with that office.[3]

Subsequently, the University moved for summary judgment of dismissal of Kleyer's suit based on these same grounds. In response, Kleyer argued that RCW 28B.20 created a University branch of the office of risk management, and that this branch could receive claims against the University in place of the Olympia office. Therefore, Kleyer argued, he had substantially complied with RCW 4.92.210(1). The trial court granted the University's motion. Kleyer moved for reconsideration, arguing that RCW 28B.20 applies to actions against the University, to the *exclusion* of RCW 4.92, because RCW 28B.20.255 states that its provisions apply "notwithstanding" RCW

---

[2]From the record it appears that Mr. O'Hara was a "consultant in civil liability claims" working for a Bellevue company named "Civil Claim Preparation, Inc.". Clerk's Papers, at 29, 32.

[3]When Kleyer learned of the University's affirmative defense on September 15, 1992, he could have voluntarily dismissed his suit and filed a claim in Olympia, in compliance with RCW 4.92.110 and .210(1). Kleyer would have been statutorily required to wait 60 days before renewing his suit. The statute of limitations would have been tolled during the 60-day waiting period. *See* RCW 4.92.110.

4.92. The motion for reconsideration was denied. Kleyer timely appealed both the summary judgment order dismissing his suit and the denial of his motion for reconsideration.

## DISCUSSION

■■ When reviewing an appeal from a summary judgment, this court engages in the same inquiry as the trial court. *See, e.g., Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990). We determine whether there is a genuine issue of material fact left to be decided and whether the moving party is entitled to judgment as a matter of law. *Marincovich*, 114 Wn.2d at 274. Here, there are no disputed facts and the issue is whether Respondent is entitled to judgment as a matter of law.

■■ We review a trial court's denial of a motion for reconsideration for abuse of discretion. *Meridian Minerals Co. v. King Cy.*, 61 Wn. App. 195, 203-04, 810 P.2d 31, *review denied*, 117 Wn.2d 1017 (1991). Abuse of discretion occurs where the trial court's decision rests on untenable grounds or untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

■ This case turns on the interplay between RCW 4.92.110, .210(1) and RCW 28B.20. The Legislature abrogated state sovereign immunity and established the procedures for suing the State when it enacted RCW 4.92. Among these procedures was the requirement of filing a claim with the risk management office:

> No action shall be commenced against the state for damages arising out of tortious conduct until sixty days have elapsed after the claim is presented to and filed with the risk management office. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

RCW 4.92.110. A more recent addition describes more specifically where a claim must be filed:

> [a]ll liability claims arising out of tortious conduct . . . *shall be filed with the office of risk management, department of general administration, unless specifically delegated to other state agencies under state statute.*

(Italics ours.) RCW 4.92.210(1). Courts have determined that, unlike the content of the filing, the requirement that a plain-

tiff file the claim under RCW 4.92.110 is strictly enforced. Failure to file a claim in proper fashion results in dismissal of the suit. *See, e.g., Schmitz v. State*, 68 Wn. App. 486, 489, 843 P.2d 1109, *review denied*, 121 Wn.2d 1031 (1993); *Mercer v. State*, 48 Wn. App. 496, 498, 739 P.2d 703, *review denied*, 108 Wn.2d 1037 (1987); *cf. Lewis v. Mercer Island*, 63 Wn. App. 29, 33, 817 P.2d 408 (RCW 10.96.010 allowing substantial compliance for content of claims filed against local governments does not allow substantial compliance for filing of claim), *review denied*, 117 Wn.2d 1024 (1991).

The Legislature later enacted RCW 28B.20, broadening the University's ability to provide liability coverage to its employees, students and directors. First, RCW 28B.20.250 allows the University to self-insure, an option the Legislature did not previously provide:

> The board of regents of the University of Washington, subject to such conditions and limitations and to the extent it may prescribe, is authorized to provide by purchase of insurance, by self-insurance, or by any combination of arrangements, indemnification of regents, officers, employees, agents, and students from liability on any action, claim, or proceeding instituted against them arising out of the performance or failure of performance, of duties for or employment with the university . . . and to hold such persons harmless from any expenses connected with the defense, settlement, or payment of monetary judgments from such action, claim or proceeding.

RCW 28B.20.250. Second, the Legislature created a revolving fund for the exclusive use of the University for self-insurance:

> (1) A self-insurance revolving fund in the custody of the treasurer is hereby created to be used solely and exclusively by the board of regents of the University of Washington for the following purposes:
>
> (a) The payment of judgments against the university, its schools, colleges, departments, and hospitals and against its regents, officers, employees, agents, and students for whom the defense of an action, claim or proceeding has been provided pursuant to RCW 28B.20.250.
>
> (b) The payment of claims against the university [and persons affiliated as above] for whom the defense of an action, claim, or proceeding has been provided pursuant to RCW 28B.20.250: PROVIDED, That payment of claims in excess of twenty-five hundred dollars must be approved by the state attorney general.
>
> . . . .

(2) Said self-insurance revolving fund shall consist of periodic payments by the University of Washington from any source available to it in such amounts as are deemed reasonably necessary to maintain the fund at levels adequate to provide for the anticipated cost of payments of incurred claims and other costs to be charged against the fund.

RCW 28B.20.253. RCW 28B.20.255 explains the effect of RCW 28B.20 on prior statutes:

RCW 28B.20.250 through 28B.20.255 constitutes the exclusive authority for the board of regents of the University of Washington to provide liability coverage for its regents, officers, employees, agents, and students, and further provides the means for defending and payment of all such actions, claims, or proceedings. RCW 28B.20.250 through 28B.20.255 shall govern notwithstanding the provisions of chapter 4.92 RCW[.]

RCW 28B.20.255. Prior to the enactment of these provisions, the University was only authorized to purchase insurance, and University obligations to pay money arising from tort actions, claims, or proceedings were paid out of the State's general revolving fund. *See* RCW 28B.10.842; RCW 28B.10.844; RCW 4.92.130.

Kleyer argues that claims against the University must be filed with the University office of the office of risk management, citing RCW 28B.20. He asserts that when the Legislature permitted the University to self-insure and created a separate revolving fund for that purpose, the Legislature *implicitly* created a new process whereby a suit against the University must first be filed with the University's risk management office.

■■ We see little purpose in the Legislature continuing to require that claims against the University be filed with the office of risk management in Olympia, after the creation of a self-insurance revolving fund exclusive to the University.[4] Nevertheless, this court must give full effect to the

---

[4]At oral argument for this appeal, counsel for the University acknowledged that the University's office of risk management would have handled Kleyer's claim for the purposes of encouraging settlement and reducing the State's risk of exposure to unduly high jury verdicts. Counsel could ascertain no practical purpose for requiring Kleyer to file a claim in Olympia other than the fact that the claim would become part of the State's "centralized tracking scheme". This scheme is apparently designed to provide agencies with information about the

plain language of a statute, "even when its results may seem unduly harsh". *Geschwind v. Flanagan*, 121 Wn.2d 833, 841, 854 P.2d 1061 (1993) (citing *State v. Pike*, 118 Wn.2d 585, 591, 826 P.2d 152 (1992)). RCW 4.92.210(1) requires that tort claims against the State be filed with the office of risk management, Department of General Administration "unless *specifically* delegated to other state agencies under state statute". (Italics ours.) Where the Legislature has sought to delegate the location for filing a claim against a particular agency, it has done so explicitly. *See, e.g.*, RCW 47.60.230.250 (claim arising from personal injury or property damage resulting from operation of ferry or terminal must be presented to Department of Transportation and filed with the Secretary within 120 days of accrual of claim); RCW 38.52.205 (claims for property damage arising from emergency management activities must be presented to and filed with Director of Financial Management); RCW 77.12.290 (claims for property damage caused by deer or elk must be filed with the Department of Game within 90 days of discovering damage).

RCW 28B.20 does not contain provisions similar to those included in these statutes. Therefore, nothing in RCW 28B.20 creates an alternative mechanism whereby a tort action against the University can be filed with the University's risk management office. Thus, Kleyer was required to file a claim with the office of risk management in Olympia. His failure to do so constituted proper grounds for dismissal.

Kleyer argues that the use of the phrase "RCW 28B.20.250 through 28B.20.255 shall govern *notwithstanding* the provisions of chapter 4.92 RCW . . ." (italics ours), RCW 28B.20.255, means that RCW 28B.20 overrules RCW 4.92.110 and .210 as applied to actions against the University.

The term "notwithstanding" has been interpreted in Washington to mean " 'without prevention or obstruction from or by; in spite of' ". *Davis v. County of King*, 77 Wn.2d 930, 932, 468

---

status of a pending claim. *See* RCW 4.92.210(2). The University, though, would have had this information without the tracking system, given that its own risk management office was processing the claim.

P.2d 679 (1970) (citing *Merriam-Webster Third International Dictionary* (1964)). As we have concluded, however, nothing in RCW 4.92.100 or RCW 4.92.210(1), detailing where a claim against the University must be filed, prevents or obstructs the purpose of RCW 28B.20 because RCW 28B.20 does not provide an alternative mechanism for filing claims against the University.

At oral argument for this appeal, Kleyer argued that he was misled into believing that he had complied with the claim-filing procedures by the fact that the University risk management office attempted to settle the claim.[5] Thus, Kleyer suggests that the University either waived the filing requirement, or should be estopped from raising the failure to file a claim as an affirmative defense. Kleyer did not raise either an estoppel or waiver argument to the trial court. Accordingly, we will not address these arguments for the first time on appeal. RAP 2.5(a).[6]

To conclude, before filing suit against the University of Washington, Kleyer was required to file a claim with the office of risk management in Olympia, pursuant to RCW 4.92.110 and .210. No provision in RCW 28B.20.250.255 contradicts or specifically alters this requirement. The trial court properly dismissed Kleyer's suit, and did not abuse its discretion in denying Kleyer's motion for reconsideration.

Affirmed.

GROSSE, J., and SCHOLFIELD, J. Pro Tem., concur.

---

[5]Kleyer noted at oral argument that letters from the University to O'Hara were written on letterhead bearing the insignia "Office of Risk Management".

[6]Even if we were inclined to address Kleyer's arguments, they would fail on the merits. Under RCW 4.92.110, filing a claim with the office of risk management in Olympia is a prerequisite to the commencement of an action, not the initiation of settlement negotiations. Therefore, the University's attempt to settle Kleyer's claim had no impact on Kleyer's statutory obligation to file a claim with the office of risk management in Olympia before filing a suit against the University.