## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DAISY A. AMO,

               Appellant,

      v.

HARBORVIEW MEDICAL CENTER,
and ALSON BURKE, M.D.,

               Respondent.

No. 79479-5-I

DIVISION ONE

UNPUBLISHED OPINION

ANDRUS, J. — Daisy A. Amo appeals the trial court's summary dismissal of her claims against Harborview Medical Center and an individual medical treatment provider. Amo was required to submit notice of her claim under chapter 4.92 RCW before suing the hospital, a state entity, and its employee. Because she failed to do so, the trial court properly granted the defendants' motion for summary judgment. We affirm.

### FACTS

On September 10, 2018, Daisy Amo filed a complaint against Harborview Medical Center and Dr. Alson Burke, a physician employed by the University of Washington who practices medicine at Harborview.[1] Amo raised a variety of

---

Citations and pin cites are based on the Westlaw online version of the cited material.

[1] Harborview Medical Center is owned by King County. The University of Washington manages the hospital and employees of Harborview are State employees.

medical negligence claims arising from the treatment provided to her by Dr. Burke at a clinic operated by Harborview Medical Center in September 2015. She also alleged that Dr. Burke sexually assaulted her during the course of a pelvic examination. Amo sought compensatory damages, as well as damages for "mental anguish," punitive damages, and "other expenses."

Harborview and Dr. Burke (collectively, Harborview) filed a motion to dismiss Amo's claims. Harborview contended that Amo failed to comply with the claim filing statutes applicable to tort claims against the State before she filed her lawsuit. See RCW 4.92.100-110. Amo did not dispute her lack of compliance with the claim filing statutes, but nevertheless, opposed the motion. She pointed to her status as a self-represented litigant and claimed she was unaware of claim filing statutes, and that Harborview employees should have informed her of the filing prerequisites or referred her correspondence to the appropriate office.

Following a hearing, the trial court granted Harborview's motion and entered an order dismissing Amo's claims with prejudice.[2] Amo appeals.

## ANALYSIS

We review an order granting summary judgment de novo, engaging in the same inquiry as the trial court. Germeau v. Mason County, 166 Wn. App. 789, 801, 271 P.3d 932 (2012). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[2] Amo filed her complaint in September 2018, almost exactly three years after she received the medical treatment at issue. When the court granted Harborview's summary judgment motion in December 2018, the statute of limitations had expired as to all of Amo's claims. See RCW 4.16.100 (two-year limitations period for claims of assault and battery); RCW 4.16.350 (three-year limitations period for medical malpractice claims).

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We construe all facts and their reasonable inferences in the light most favorable to the nonmoving party. Loeffelholz v. University of Washington, 175 Wn.2d 264, 271, 285 P.3d 854 (2012).

By enacting chapter 4.92 RCW, the legislature abrogated state sovereign immunity and established procedures for bringing tort claims against the State. One of the purposes of establishing the presuit claim filing requirement is "'to allow government entities time to investigate, evaluate, and settle claims'" before they are sued. Renner v. City of Marysville, 168 Wn.2d 540, 545, 230 P.3d 569 (2010) (quoting Medina v. Pub. Util. Dist. No. 1, 147 Wn.2d 303, 310, 53 P.3d 993 (2002)).

Amo's complaint raised claims that sound in tort.[3] See Mohr v. Grantham, 172 Wn.2d 844, 850, 262 P.3d 490 (2011) (medical negligence requires proof of traditional tort elements); Honegger v. Yoke's Washington Foods, Inc., 83 Wn. App. 293, 297, 921 P.2d 1080 (1996) (assault and battery are intentional torts). The filing requirements for bringing tort claims against the State are set forth in RCW 4.92.100 and .110. The provisions preclude tort claims against State entities and their employees unless the plaintiff first files a tort claim with the State of Washington's Office of Risk Management[4] at least 60 days before commencing the action:

---

[3] Amo's characterizes her claims as violations of "Washington State Human Rights Law." But her complaint describes only incidents of alleged medical negligence and intentional tortious conduct. And the provision she cites, RCW 4.16.080, establishes the limitations period for certain categories of claims, but does not create any cause of action.

[4] The Washington State Department of Enterprise Services operates the Office of Risk Management.

> All claims against the state, or against the state's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct, must be presented to the office of risk management.

RCW 4.92.100(1).

> No action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state, or against any state officer, employee, or volunteer, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim is presented to the office of risk management.

RCW 4.92.110. A claimant must use the standard claim form maintained by the State's Office of Risk Management and posted on the Department of Enterprise Services' Website.[5] RCW 4.92.100. RCW 4.92.100 sets forth the content requirements for notice of a claim.

Amo maintains that her unawareness of RCW 4.92.100 and .110 excuses her lack of compliance with those statutes. She also contends that summary judgment was improper because Harborview failed to demonstrate an absence of genuine issues of material fact as to the merits of her claims.

However, the claim filing statutes expressly apply to Amo's claims against Harborview, a state entity, and to claims against Dr. Burke, an employee of the State, acting within the scope of her employment. RCW 4.92.100(1); Hardesty v. Stenchever, 82 Wn. App. 253, 260-61, 917 P.2d 577 (1996). The requirement that a claimant file her tort claim in accordance with RCW 4.92.100-.110 before filing suit is strictly enforced. Levy v. State, 91 Wn. App. 934, 942, 957 P.2d 1272 (1998); Kleyer v. Harborview Med. Ctr., 76 Wn. App. 542, 545-46, 887 P.2d 468

---

[5] See https://des.wa.gov/services/risk-management (last viewed March 20, 2020).

(1995). The law is well settled that dismissal of the case is proper when the plaintiff does not comply with the statutorily-mandated claim filing procedure. Hyde v. University of Washington Medical Center, 186 Wn. App. 926, 929, 347 P.3d 918 (2015) ("Dismissal is the proper remedy for failure to comply" with tort claim filing requirements in chapter 4.92 RCW); Oda v. State, 111 Wn. App. 79, 87, 44 P.3d 8 (2002); Levy, 91 Wn. App. at 942; Mercer v. State, 48 Wn. App. 496, 498, 739 P.2d 703 (1987). As Harborview points out, notwithstanding the fact that they impose additional procedural burdens on plaintiffs, statutes requiring presuit notice of claims against government entities have withstood constitutional scrutiny. See e.g. McDevitt v. Harborview Medical Center, 179 Wn.2d 59, 68–69, 316 P.3d 469 (2013) (presuit notice requirement under former RCW 7.70.100(1) did not violate equal protection); see also Hyde v. University of Washington Medical Center, 186 Wn. App. 926, 936, 347 P.3d 918 (2015) (provision under RCW 4.92 does not violate the privilege and immunities clause so long as the entity to which it applies is an instrumentality of the state); Woods v. Bailet, 116 Wn. App. 658, 667-68, 67 P.3d 511 (2003) (no violation of due process as to statute requiring presuit notice of claims against local governmental entities).

Amo's communications with Harborview staff and administrators before she filed her complaint do not satisfy the requirements of the claim filing statute. Amo did not communicate to Harborview her intent to initiate legal action or to assert a claim for damages. And even if she had done so, while courts will liberally construe the contents of a claim and accept substantial compliance with the content requirements of RCW 4.92.100, this rule does not apply to the filing requirement

5

itself. RCW 4.92.100(3); Levy, 91 Wn. App. at 942. No court has excused compliance with the presuit claim filing statutes based on a lack of knowledge of the requirements. To the contrary, compliance with the claim filing procedure is mandatory even where the requirements might appear to be "harsh and technical." Levy, 91 Wn. App. at 942. In rejecting a due process challenge to a related statute under chapter 4.96 RCW, this court concluded that while claim filing statutes place additional burdens on plaintiffs to investigate and determine whether claim filing statutes apply, those burdens do not create an "insurmountable barrier to relief." Woods, 116 Wn. App. at 668.

This court's decisions in Jones v. University of Washington, 62 Wn. App. 653, 814 P.2d 1236 (1991), and Kleyer are illustrative. In Jones, we affirmed the dismissal of the plaintiff's claims against institutional defendants and state employees acting in their official capacities because the plaintiff failed to file the notice of claim until after he filed a lawsuit. Jones, 62 Wn. App. at 662. We rejected Jones's argument that the statute merely required him to file a claim before the statute of limitations expired. Jones, 62 Wn. App. at 660. We also rejected the argument that the State waived its right to rely on former RCW 4.92.110 as a defense by failing to disclose its knowledge of Jones's error. Jones, 62 Wn. App. at 662.

In Kleyer, before the plaintiff filed a medical malpractice action against Harborview, a consultant for the plaintiff contacted a claims manager at the University of Washington's Office of Risk Management. Kleyer, 76 Wn. App. at 544. The claims manager offered to settle one of the plaintiff's claims. Id. The

6

trial court granted Harborview's motion to dismiss, rejecting the plaintiff's argument that the University of Washington's Office of Risk Management was authorized to receive presuit claims against the State. Id. Kleyer argued on appeal that the University misled him into believing that he satisfied the claim filing procedure when the University claims manager offered a settlement. Id. at 549. This court affirmed the dismissal because the language of former RCW 4.92.210 expressly required the claim to be filed with the office of risk management in Olympia. Id.

Unlike the plaintiffs in Jones and Kleyer, Amo did not contact or file a claim with any office of risk management. Amo raised concerns about her treatment at Harborview and the hospital investigated her complaints according to its internal procedures. Harborview informed Amo of her right to contact the Department of Health and the Joint Commission on Accreditation of HealthCare Organizations and provided contact information for those entities. There was nothing misleading about Harborview's course of action in conducting an internal investigation and referring Amo to the entity that sets standards and accredits healthcare organizations or the entity that oversees physician licensing in Washington and accepts consumer complaints against licensed physicians. There is no authority for the proposition that Harborview was required to assume that Amo intended to pursue litigation or that it was obligated to take affirmative steps to ensure her compliance with the statutory prerequisites for filing suit. Indeed, we have rejected similar arguments in cases involving more compelling facts. See Jones, 62 Wn. App. at 662; see also Hardesty v. Stenchever, 82 Wn. App. 253, 258-59, 917 P.2d 577 (1996) (equitable estoppel did not bar defense based on claim filing provisions

7

where the University of Washington's Office of Risk Management did not inform the plaintiff that she was required to file notice of her claim with the Olympia office).

In sum, before filing her complaint for medical negligence against Harborview and its employee, Amo was required to file a claim with the office of risk management in Olympia, pursuant to RCW 4.92.110 and RCW 4.92.210.[6] Because she failed to do so, the trial court properly dismissed the complaint. We affirm.

*Andrus, A.C.J.*

WE CONCUR:

_____  _____

---

[6] To the extent Amo alleged that Dr. Burke committed sexual assault, an act outside the scope of her employment, the claim filing requirements of chapter 4.92 RCW do not appear to apply. See Jones v. University of Washington, 62 Wn. App. at 664 (claims against state employees acting outside scope of employment not subject to claim filing requirements); see also Boss v. City of Spokane, 63 Wn. 2d 305, 387 P.2d 67 (1963) (no claim filing required for intentional tort claim). Nonetheless, the trial court still properly dismissed this claim because the applicable two-year statute of limitations had already expired when she filed her complaint. See RCW 4.16.100 (two-year limitations period for claims of assault and battery). This court may affirm a trial court's decision to grant summary judgment on any basis supported by the record. Redding v. Virginia Mason Med. Ctr., 75 Wn. App. 424, 426, 878 P.2d 483 (1994).