IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DANIELLE STERLING and DARREN STERLING, wife and husband,<br><br>Appellants,<br><br>v.<br><br>STATE OF WASHINGTON, by and through THE UNIVERSITY OF WASHINGTON, d/b/a "UW Medicine," "UW Physicians," and "Harborview Medical Center,"<br><br>Respondents. | No. 85448-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BOWMAN, J. — Danielle Sterling and her husband appeal the trial court's order dismissing her medical negligence lawsuit against the state of Washington, University of Washington (UW), UW Medicine, UW Physicians, and Harborview Medical Center. Sterling argues the trial court erred by dismissing her lawsuit for failure to file a claim with the Department of Enterprise Services (DES) Office of Risk Management (ORM) under chapter 4.92 RCW. We affirm.

FACTS

On December 26, 2019, EvergreenHealth hospital admitted Sterling with pancreatitis. EvergreenHealth put Sterling into a medically induced coma because of complications in her treatment. Her condition worsened, and on January 9, 2020, EvergreenHealth transferred Sterling to Harborview. On January 23, 2020, Sterling's providers discovered that she had developed a

"sacral pressure ulcer" on the base of her spine.  On February 22, 2020, Sterling regained consciousness and learned about the injury.  The ulcer had become infected and necrotic, requiring debridement, surgery, and rehabilitative therapy.

On December 30, 2022, Sterling filed a "UW Claim Form" with UW Claim Services, seeking $2.5 million in damages.[1]  On January 5, 2023, Harborview acknowledged receipt of Sterling's claim form.  On January 19, 2023, UW Claim Services also acknowledged receipt of Sterling's claim form, stating that it "will investigate the claim and provide a written response," which "may take from 60 to 90 days to complete."

On February 3, 2023, 15 days later, Sterling sent a demand letter to UW Claim Services, again seeking $2.5 million to settle her claims.  She informed UW Claim Services that she intended to "immediately proceed to litigation" if it did not accept the demand within 15 days.  On March 1, 2023, Sterling and her husband sued the state of Washington, UW, UW Medicine, UW Physicians, and Harborview (collectively State), alleging medical negligence.  Then, on April 3, 2023, Sterling sent the UW Claim Form to ORM.

On April 28, 2023, the State moved for summary judgment, arguing that Sterling failed to comply with the claim procedures outlined in chapter 4.92 RCW. The trial court granted the motion and dismissed Sterling's lawsuit.

Sterling appeals.

---

[1] UW Medical manages Harborview.

2

ANALYSIS

Sterling argues that the trial court erred by dismissing her medical negligence lawsuit for failure to file a claim with ORM under chapter 4.92 RCW. We disagree.

We review orders on summary judgment de novo, engaging in the same inquiry as the trial court. *Kim v. Lakeside Adult Fam. Home*, 185 Wn.2d 532, 547, 374 P.3d 121 (2016). "Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Rublee v. Carrier Corp.*, 192 Wn.2d 190, 198, 428 P.3d 1207 (2018); CR 56(c). We consider facts and inferences in a light most favorable to the nonmoving party. *Id.* at 199.

The legislature enacted chapter 4.92 RCW to abrogate sovereign immunity and establish procedures for suing the state. *Hyde v. Univ. of Wash. Med. Ctr.*, 186 Wn. App. 926, 929, 347 P.3d 918 (2015). The statutory filing procedures preclude tort actions against the state unless the plaintiff first files a claim with ORM:

> All claims against the state, or against the state's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct, must be presented to [ORM].[2]

RCW 4.92.100(1). And the claimant must file the claim with ORM at least 60 days before commencing an action:

> No action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state, or against any state officer,

---

[2] RCW 4.92.006(3) defines ORM as "the office within [DES] that carries out the powers and duties under this chapter relating to claim filing, claims administration, and claims payment."

3

employee, or volunteer, acting in such capacity, for damages arising out of tortious conduct until [60] calendar days have elapsed after the claim is presented to [ORM].

RCW 4.92.110.

Under RCW 4.92.100(1), a claimant properly files a claim form when they deliver it "in person or by regular mail, registered mail, or certified mail, with return receipt requested, or as an attachment to email or by fax, to [ORM]." A claimant must use the standard claim form maintained by ORM and posted on the DES website. *Id.* The remedy for failure to comply with the claim filing requirements is dismissal. *Hyde*, 186 Wn. App. at 929. But courts must "liberally construe[ ]" these procedural and content requirements "so that substantial compliance will be deemed satisfactory." RCW 4.92.100(3).

Sterling argues that she "substantially complied" with the procedural requirements under RCW 4.92.100(1) by filing the UW Claim Form with UW Claim Services—"the entity . . . responsible for investigating the claim." She is incorrect.

"Substantial compliance . . . means that the 'statute has been followed sufficiently so as to carry out the intent for which the statute was adopted.' " *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 968, 335 P.3d 1014 (2014) (quoting *Banner Realty, Inc. v. Dep't of Revenue*, 48 Wn. App. 274, 278, 738 P.2d 279 (1987)).[3] The purpose of RCW 4.92.100(1) and .110 is to provide notice of claims to the state so that ORM can maintain a centralized claim tracking system

---

[3] *Lee* addressed tort claim filing preconditions for lawsuits against municipalities under RCW 4.96.020. 183 Wn. App. at 965-68. But the "substantial compliance" standard under RCW 4.96.020(5) is identical to RCW 4.92.100(3).

and provide agencies with accurate and timely data on the status of liability claims. *See* RCW 4.92.210(2). The statutory procedure also enables ORM to value claims and "delegate to the appropriate office to investigate, negotiate, compromise, and settle the claim, or to retain that responsibility on behalf of and with the assistance of the affected state agency." RCW 4.92.210(4). And the claim filing requirement under chapter 4.92 RCW "serves the reasonable purpose of fostering negotiation and settlement without substantially burdening tort claimants." *Hall v. Niemer*, 97 Wn.2d 574, 581, 649 P.2d 98 (1982).

Here, Sterling did not file an ORM claim form with ORM before initiating her lawsuit. Instead, she filed a UW Claim Form with UW Claim Services.[4] Notifying UW Claim Services of her claim did not sufficiently carry out the legislature's intentions behind RCW 4.92.100(1) and .110. She did not put ORM on notice of her claim, so it could not track, value, and delegate the claim as part of its centralized system. As a result, Sterling fails to show that she substantially complied with the claim filing requirements of chapter 4.92 RCW.

Citing *Estate of Connelly v. Snohomish County Public Utility District No. 1*, 145 Wn. App. 941, 187 P.3d 842 (2008), Sterling argues that the State cannot assert noncompliance as a defense because it did not itself fully comply with the statutory obligations of chapter 4.96 RCW. In *Connelly*, the plaintiff sued Snohomish County Public Utility District No. 1 (PUD), a local government entity, seeking tort damages. *Id.* at 943. PUD moved to dismiss the lawsuit as untimely. *Id.* at 943-44. The estate argued that PUD could not assert a

---

[4] We note that the UW Claim Form advises users that "**filing this claim with [UW] does not constitute a filing with [DES] pursuant to RCW 4.92.110.**"

timeliness defense because it failed to appoint an agent to receive claims for damages as required under RCW 4.96.020. *Id.* We agreed. *Id.* at 948.

Sterling argues that like the PUD in *Connelly*, RCW 4.96.020(3)(c) precludes the State from raising a defense of noncompliance in her case because the UW Claim Form did not provide proper instructions on how to submit the form to ORM. But chapter 4.96 RCW governs the procedure for claims against local government entities. RCW 4.96.010. Harborview is not a local government entity. Rather, it is an arm of the state. *Hontz v. State*, 105 Wn.2d 302, 310, 714 P.2d 1176 (1986) (Harborview is an arm of the state because it is operated and managed by UW, a state agency). As a result, Sterling must comply with the claim filing requirements that apply to state entities—chapter 4.92 RCW. And she offers no argument that chapter 4.92 RCW precludes the State from raising noncompliance as a defense.

Because Sterling did not file a claim form with ORM at least 60 days before she sued the State, the trial court properly dismissed her lawsuit. We affirm.

Brennan, J.

WE CONCUR:

Coburn, J.                    Smith, C.J.

6