# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| JOE PATRICK FLARITY, a marital community, | No.  57601-5-II |
| Appellant, | |
| v. | |
| UNKNOWN WASHINGTON STATE OFFICIALS in their official and personal capacities, and STATE OF WASHINGTON, et. al, | UNPUBLISHED OPINION |
| Respondents. | |

LEE, J. — Joe P. Flarity appeals the superior court's order dismissing his claims against the State of Washington.  Flarity argues that the superior court erred by denying his motion to certify questions to this court, by dismissing his complaint, and by granting the State's motion for sanctions.  We affirm the superior court.

### FACTS

This is the fourth lawsuit arising from Flarity's dispute with Pierce County and the State over tax assessments for property he owned in Buckley, Washington.[1]

In 2019, Flarity filed an appeal with the Board of Tax Appeals (BTA) seeking review of the Pierce County Assessor's 2019 assessment of one of his parcels of property.  At the same time,

---

[1] The facts underlying the dispute are not relevant for resolving the issues raised on appeal. However, we provide a full recitation of the facts underlying the dispute in *Flarity v. Argonaut Insurance Co. et al*, No. 56271-5-II (Wash. Ct. App. June 13, 2023) available at https://www.courts.wa.gov/opinions/pdf/D2%2056271-5-II%20Unpublished%20Opinion.pdf.

Flarity also attempted to appeal two decisions of the Pierce County Board of Equalization (BOE) denying his request for an extension of time to challenge the Pierce County Assessor's decision to remove his property from farm status.

With regard to the BOE's decision denying Flarity's request for an extension of time, the BTA denied Flarity's appeal because WAC 458-14-056(3) states that BOE decisions on extensions of time are final and not appealable to the BTA. With regard to Flarity's appeal of the 2019 tax assessment, the BTA accepted the appeal under No. 19-105. On August 24, 2022, the BTA issued its final decision in No. 19-105, and sustained the Pierce County Assessor's assessment.

On October 11, 2022, Flarity filed a complaint against Vikki Smith, the former director of the Department of Revenue (DOR), John Ryser, acting director of DOR, and the State of Washington. The complaint asserted three specific claims: (1) a due process violation based on the BTA delay in issuing its final decision, (2) a claim that BTA's due process failures amounted to constructive fraud, and (3) review of the administrative ruling in No. 19-105.

Flarity also sought declaratory judgment. Specifically, Flarity requested that the superior court declare (1) the BTA's delay in issuing its decision was unconstitutional, (2) specific WACs and RCWs unconstitutional because they allowed due process violations, (3) inspection of property by trespass is illegal, (4) BOE hearings must be open to the public, (5) the statute requiring exhaustion of remedies is unconstitutional, and (6) the BTA's final decision in No. 19-105 invalid. And Flarity requested damages, a refund for taxes paid on the property for 2018 through 2021, and unspecified injunctive relief.

On October 13, Flarity filed an amended complaint naming unknown Washington officials as defendants in place of Smith and Ryser. The complaint was otherwise unchanged.

On October 17, Flarity filed a motion to have questions certified to this court under RAP 2.3(b)(4). Specifically, Flarity sought to have the following questions certified to this court:

. . . Question 1: Delay as a state weapon

. . . .

. . . Question 2: When does an assessor inspection violate privacy

. . . .

. . . Question 3: Are state attacks on fundamental liberties indicative of constructive fraud

. . . .

. . . Have peculiar forces risen to the level where federal oversight is necessary?

. . . Does the collection of taxes trump fundamental liberties?

Clerk's Papers at 550-52 (boldface omitted). The superior court denied Flarity's motion to certify questions to this court.

On November 3, Flarity filed a motion to amend his complaint to add Pierce County as a defendant. Flarity's motion to amend was noted for November 18. On November 7, the State filed a CR 12(b)(6) motion to dismiss based on a failure to state a claim upon which relief can be granted. The State's motion to dismiss was noted for December 9. On November 17, the superior court ordered the hearing on Flarity's motion to amend be continued to December 9 so the motion could be heard at the same time as the State's motion to dismiss.

In its motion to dismiss, the State argued that Flarity's complaint was a request for judicial review of agency action under the Administrative Procedure Act (APA), chapter 34.05 RCW. The State also argued that because Flarity failed to timely and properly serve the required parties under the APA—the BTA and the Pierce County Assessor—Flarity's petition for judicial review must

be dismissed. The State further argued several reasons why Flarity's remaining claims must be dismissed, including exceeding the scope of review under the APA, collateral estoppel, quasi-judicial immunity, and failure to comply with RCW 4.92.100, which requires presentation of damages claims to the office of risk management prior to filing a complaint.

On November 23, Flarity filed a motion to stay the case pending appeal and noted the motion for December 9. In his motion to stay, Flarity attached a notice of appeal or, alternatively, a notice of discretionary review that he had filed with this court to challenge the superior court's order continuing the hearing on Flarity's motion to amend from November 18 to December 9. In his notice of appeal to this court, Flarity argued that the superior court's order was appealable as a matter of right under RAP 2.2(a)(3). Flarity also argued that discretionary review would be warranted under RAP 2.3(b)(2). The State opposed the stay. The State also argued the motion to stay was patently frivolous and requested sanctions for responding to the motion.

On December 9, the superior court heard the State's motion to dismiss, Flarity's motion to amend, and Flarity's motion to stay the appeal. At the hearing, Flarity asserted that he had filed a motion for sanctions against the State. The superior court stated that the motion for sanctions was not properly noted and the superior court was not prepared to consider it. Thus, the superior court declined to hear Flarity's motion for sanctions.

The superior court denied Flarity's motion to amend his complaint as futile because there was no way that Flarity could timely serve the Pierce County Assessor as required by the APA. The superior court also denied Flarity's motion for a stay and found that the motion for a stay violated CR 11. The superior court imposed sanctions against Flarity in the amount of $1,775.00, which was the reasonable cost of the attorney general responding to Flarity's motion. The superior court also found that Flarity's complaint was an action seeking judicial review of the BTA's

decision in No. 19-105, which was governed by the APA and that Flarity failed to serve the BTA and the Pierce County Assessor within the statutorily prescribed time limit. Therefore, the superior court dismissed Flarity's APA claims. The superior court also dismissed Flarity's damages claims for failure to comply with RCW 4.92.100.

The superior court granted the State's motion to dismiss and dismissed Flarity's amended complaint with prejudice. The superior court also awarded statutory attorney fees in the amount of $200. The superior court entered a judgment against Flarity that included $1,775 for sanctions and $200 for statutory attorney fees.

Flarity appeals.

ANALYSIS

Flarity appeals, arguing that the superior court erred by dismissing his complaint and sanctioning him for his motion to stay pending appeal. We disagree and affirm the superior court.

A.  MOTION TO DISMISS COMPLAINT

Flarity argues that the superior court erred in dismissing his amended complaint against the State. We disagree.

We review a dismissal under CR 12(b)(6) de novo. *Wahkiakum Sch. Dist. No. 200 v. State*, 2 Wn.3d 63, 77, 534 P.3d 808 (2023). "Dismissal is appropriate if the court concludes that the plaintiff can prove no set of facts that would justify recovery." *Id.* We presume the factual allegations in the complaint are true and draw all reasonable inferences in favor of the plaintiff. *Id.* We may affirm the superior court on any ground supported by the record. *See Eylander v. Prologis Targeted U.S. Logistics Fund, LP*, 2 Wn.3d 401, 407, 539 P.3d 376 (2023).

The APA is the exclusive means of reviewing an agency action. RCW 34.05.510. Under RCW 34.05.542(2), "[a] petition for judicial review of an order shall be filed with the court and

served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." When a party fails to comply with the service requirements of RCW 34.05.542(2), dismissal is the appropriate remedy. *Sprint Spectrum, LP v. State*, 156 Wn. App. 949, 963, 235 P.3d 849 (2010), *review denied*, 170 Wn.2d 1023 (2011).

Here, Flarity's complaint was clearly an attempt to seek judicial review of the BTA decision in No. 19-105, despite also attempting to raise additional claims. Therefore, Flarity's complaint is governed by the APA. *See* RCW 34.05.510.

The BTA issued its decision on August 24, 2022. In order to comply with the APA requirements, the complaint seeking judicial review had to be served on the agency (the BTA) and all parties of record (the Pierce County Assessor) by September 23, 2022. RCW 34.05.542(2). It is undisputed that Flarity has failed to serve either the BTA or the Pierce County Assessor, and therefore, Flarity has failed to comply with the service requirements of RCW 34.05.542(2).[2] Accordingly, the superior court properly dismissed Flarity's complaint.[3]

---

[2] Flarity appears to argue that he should be permitted to amend his complaint to add the appropriate parties. However, no amendment to the complaint can cure Flarity's failure to *serve* the Pierce County Assessor or the BTA within the 30 days required by RCW 34.05.542(2). Therefore, amending the complaint would be futile. *Nakata v. Blue Bird, Inc.*, 146 Wn. App. 267, 278, 191 P.3d 900 (2008), *review denied*, 165 Wn.2d 1033 (2009).

[3] Even if the petition had been properly served, there would be an issue of whether the declaratory judgment claims and the damages claims should be dismissed as outside the scope of a petition. *See* RCW 34.05.554 (prohibiting raises issues not before the agency on judicial review). And this is not a complaint *solely* for damages based on an agency action which would be exempt from APA requirements. RCW 34.05.510(1) ("The provisions of this chapter for judicial review do not apply to litigation in which the *sole issue* is a claim for damages or compensation and the agency whose action is at issue does not have statutory authority to determine the claim.") (emphasis added). Accordingly, the dismissal of the entire complaint was warranted based on the failure to comply with RCW 34.05.542(2).

Furthermore, even if Flarity's claim for damages is considered separately from Flarity's APA claims, dismissal was proper because Flarity failed to comply with RCW 4.92.100. RCW

B.      SANCTIONS FOR MOTION TO STAY PENDING APPEAL

Flarity argues that the superior court erred by imposing sanctions against him for filing the motion to stay pending appeal. We disagree.

We review the imposition of CR 11 sanctions for an abuse of discretion. *Stiles v. Kearney*, 168 Wn. App. 250, 260, 277 P.3d 9, *review denied*, 175 Wn.2d 1016 (2012). The superior court abuses its discretion if its decision in manifestly unreasonable or based on untenable grounds. *Id.*

CR 11 addresses two types of filings: (1) baseless filings and (2) filings made for an improper purpose. *West v. Wash. Ass'n of County Officials*, 162 Wn. App. 120, 135, 252 P.3d 406 (2011). A filing is baseless if it is "'(a) not well-grounded in fact, or (b) not warranted by (i) existing law or (ii) a good faith argument for the alteration of existing law.'" *Id.* (internal quotation marks omitted) (quoting *MacDonald v. Korum Ford*, 80 Wn. App. 877, 883-84, 912 P.2d 1052 (1996)). If a party files a baseless motion, the superior court may impose sanctions upon a party's motion or on its own initiative. CR 11(a).

Here, Flarity was sanctioned for filing a baseless motion to stay the superior court proceedings based on Flarity's appeal of the superior court's order continuing his motion to amend for three weeks. Flarity argued that the continuance order was appealable as a matter of right under RAP 2.2(a)(3), or that discretionary review should be granted under RAP 2.3(b)(2). Neither of these arguments is well-grounded in law.

---

4.92.100(1) requires that all claims for damages against the State must be presented to the office of risk management. The remedy for failure to comply with the claim filing requirements of RCW 4.92.100 is dismissal of the complaint for damages. *Hyde v. Univ. of Wash. Med. Ctr.*, 186 Wn. App. 926, 929, 347 P.3d 918, *review denied*, 184 Wn.2d 1005 (2015). It is undisputed that Flarity failed to file a claim for damages with the office of risk management in compliance with RCW 4.92.100; therefore, the superior court properly dismissed Flarity's damages claims against the State.

7

RAP 2.2(a)(3) allows direct appeal of "[a]ny written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action." Here, the superior court's order simply continued Flarity's motion; the order made no substantive decision in the case and certainly did not prevent a final judgment or discontinue the action. There is no well-grounded basis in law to argue that the order continuing the hearing on Flarity's motion to amend was appealable as a matter of right under RAP 2.2(a)(3).

Alternatively, Flarity argued that discretionary review of the order was warranted under RAP 2.3(b)(2). This court will grant discretionary review of a superior court decision if the "superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act." RAP 2.3(b)(2). It is well-established, under existing law, that to meet the requirements of RAP 2.3(b)(2), the superior court's action must go beyond affecting the parties' ability to conduct the litigation. *State v. Howland*, 180 Wn. App. 196, 207, 321 P.3d 303 (2014), *review denied*, 182 Wn.2d 1008 (2015). There is no well-grounded argument that the superior court's order continuing Flarity's motion to amend the complaint for three weeks had any effect outside of the litigation, and therefore, there is no well-grounded argument that discretionary review would be warranted under RAP 2.3(b)(2).

Because there was no basis for a direct appeal or discretionary review of the superior court's order continuing Flarity's motion to amend the complaint for three weeks that was well-grounded in existing law, there was no well-grounded basis for moving to stay the superior court proceedings pending review of the superior court's continuance order by this court. Therefore, Flarity's motion was baseless, and the superior court did not abuse its discretion in imposing sanctions under CR 11.

We affirm.

No. 57601-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Veljacic, A.C.J.

Price, J.

9